RICHARD H. BAUMBACH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99895.    Promulgated June 14, 1940.

*L. J. Lautenschlaeger*, Esq., and *Harry P. Gamble, Jr.*, Esq., for the petitioner.
*D. D. Smith*, Esq., for the respondent.

OPINION.

ARUNDELL: The petitioner claims a credit of $2,500 for the year 1937 under section 25 (b) (1) of the Revenue Act of 1936. He claims that by reason of supporting his son in his household he was the "head of a family" within the meaning of that statutory term as it has been defined in article 25–4 of Regulations 94 as follows:

A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation.

Unquestionably the petitioner meets the majority of the elements enumerated in the regulation. He actually supported and maintained in one household an individual closely connected with him by blood relationship. There may be some question as to the existence and extent of the petitioner's "right to exercise family control" over his adult son. We need not decide that. The regulation has for its main premise the maintenance by a taxpayer in one household of "dependent individuals." The question here thus narrows down to whether or not the petitioner's son was a "dependent." The son was 26 years old, in good health, a college graduate with a professional degree, and engaged in practicing his profession. Ordinarily, we do not think of an adult who is mentally and physically sound as a dependent, and to so classify the son in this case would require an abrupt turn in common thought and speech. To hold that an adult individual under the facts here is a dependent would make that term applicable in a variety of situations that were surely not contemplated when the regulation was drafted. To carry the petitioner's view to its logical conclusion would be to say that every adult who continues to reside at the family abode and who does not earn in full a sum equal to his living expenses is a dependent, without regard to mental and physical capacity and the possibility of earning a living in another field of endeavor. Petitioner's view would also involve the application of a highly variable standard, varying according to each individual's ideas as to the sum necessary for his proper support and maintenance.

It is our opinion that the word "dependent" in the regulations can not properly be extended to a case like this where the individual is

an adult, well educated, in good health, engaged in a profession, but simply fails to earn enough in his practice to fully support himself. The respondent's determination is sustained.

*Decision will be entered for the respondent.*